UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>(Rural Development)<br>　　　Plaintiff<br><br>　　　　　v.<br><br>THE ESTATE OF MATEO OSTOLAZA<br>OSTOLAZA composed by his known<br>heirs YENEISSA OSTOLAZA RIVERA,<br>JAVIER OSTOLAZA RIVERA, and JASON<br>OSTOLAZA RIVERA, and MARGARITA<br>RIVERA AVILES as a co-signer and<br>as representative of the extinct<br>conjugal partnership constituted<br>with MATEO OSTOLAZA OSTOLAZA<br>　　　Defendants | CIVIL NO. 05-1953(JAF)<br><br>FORECLOSURE OF MORTGAGE |

## JUDGMENT BY DEFAULT

Upon plaintiff's motion for judgment, and it appearing from the records on file in this proceeding that default was entered by the Clerk of this Court upon defendants THE ESTATE OF MATEO OSTOLAZA OSTOLAZA composed by his known heirs YENEISSA OSTOLAZA RIVERA, JAVIER OSTOLAZA RIVERA, and JASON OSTOLAZA RIVERA, and MARGARITA RIVERA AVILES as a co-signer and as representative of the extinct conjugal partnership constituted with MATEO OSTOLAZA OSTOLAZA for failure to answer or otherwise plead in this case, against which defendants the plaintiff is entitled to a Judgment by Default, and the Court being fully advised in the premises, hereby

United States v. The Estate of Mateo Ostolaza Ostolaza, et al.
Civil No. 05-1953(JAF)
Page 2

ORDERS, ADJUDGES, AND DECREES:

1.    On October 4, 1990, original borrowers herein subscribed

a Mortgage Note for the principal amount of $42,500.00 with

interest at the rate of 9% per annum.

2.    Said Mortgage Note was subscribed in favor of or to the

order of Rural Development, an agency and instrumentality of the

United States of America.

3.    For the purpose of securing the payment of said note a

mortgage was constituted by Deed Number 138, dated October 4, 1990

before the Notary Public Carlos Roure Sierra, over the following

real property:

> "RUSTICA: Parcela de terreno radicada en el
> barrio Dominguito del término municipal de
> Arecibo, Puerto Rico, compuesto de
> CUATROCIENTOS DIEZ METROS CON CUATRO MIL
> SEISCIENTOS NOVENTA Y CUATRO DIEZMILESIMAS DE
> METROS CUADRADOS (410.4694 mc) en lindes por
> el NORTE en la parcela segregada, antes, hoy,
> propiedad de Marilia Terón González; por el
> SUR con el camino de la vía que separa parcela
> número ciento dos (102), hoy, callejuela; por
> el ESTE con la parcela número ciento nueve
> (109) y por el OESTE con la Calle Número Cinco
> (5). Contiene una casa".

Plaintiff's mortgage is recorded at page 203, volume 537 of

Arecibo, property number 23,075, sixth inscription, at the Property

Registry of Arecibo, Section I, Puerto Rico.

4. The defendants herein owners of record of this property

have failed to comply with the terms and conditions of the mortgage

United States v. The Estate of Mateo Ostolaza Ostolaza, et al.
Civil No. 05-1953(JAF)
Page 3

contract and have refused to pay the stipulated monthly installments, in spite of plaintiff's demands and collection efforts.

5. According to the terms and conditions of the mortgage contract if default is made in the payment of an installment under the note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

6. The defendants' indebtedness with the plaintiff is:

a)   $46,612.95 of aggregate principal;

b) $17,551.42 of interest accrued as of April 14, 2004 and thereafter until its full and total payment, which interest amount increases at the daily accrual rate of $11.49, plus costs, disbursements and attorneys fees due to the date of sale;

C) $19,726.18 of Subsidy Recapture.

7. Defendants, as debtors of the amounts prayed for in the complaint, are hereby ORDERED AND ADJUDGED to pay unto the plaintiff the amounts specified and set forth in the preceding paragraph 6.

8. In default of the payment of the sums herein specified or of any part thereof within the ten (10) days from the date of entry of this judgment, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without

United States v. The Estate of Mateo Ostolaza Ostolaza, et al.
Civil No. 05-1953(JAF)
Page 4

an appraisement or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

9. The Marshal of this Court shall make the sale hereinabove mentioned in accordance with 28 U.S.C. Section 2001 and Section 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law. The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks. The amount of $42,500.00 shall serve as the minimum bid for the first public sale. Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale. Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale. The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court. Such sale shall be subject to the confirmation of this Court. Upon confirmation the Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without

United States v. The Estate of Mateo Ostolaza Ostolaza, et al.
Civil No. 05-1953(JAF)
Page 5

the need of further order of this Court if executed within sixty

(60) days from the confirmation of the public sale.

10. Any funds derived from the sale to be made in accordance

with the terms of this judgment and such further orders of this

Court shall be applied as follows:

a) To the payment of all proper expenses attendant upon

said sale;

b) To the payments of that part of the indebtedness owed

to the plaintiff in the same order and for the amounts specified,

and set forth in the preceding paragraph 6;

c) If after making the above payments there shall be

surplus, said surplus shall be delivered to the Clerk of this

Court, subject to further orders of the Court;

d) In the case the proceeds from the said sale are not

sufficient to cover the full amounts owing to the plaintiff, the

plaintiff shall be entitled to a deficiency judgment against the

defendant and shall have execution therefor.

11. The Property Registrar of the corresponding Property

Registry of Puerto Rico shall proceed to the recording of the

judicial sale deed in favor of the purchaser, free of any liens

subsequent to the date of the execution of the foreclosed mortgage.

12. Plaintiff in these proceedings may apply to this Court for

such further orders as it may deem advisable to its interest in

accordance with the terms of this Judgment and the Clerk shall

United States v. The Estate of Mateo Ostolaza Ostolaza, et al.
Civil No. 05-1953(JAF)
Page 6

proceed to issue of course all necessary writs to enforce and

execute the same.   Fed.R.Civ.P. 77(a).

In San Juan, Puerto Rico, this 28th day of August, 2006.

_____

UNITED STATES DISTRICT JUDGE